JUSTICE GRAY
specially concurring.
I concur in the result we reach in this case, but disagree strenuously with portions of the analysis under which it is reached. In this regard, I join in the analysis contained in Justice Nelson’s special concurrence.
*337 I write separately to state my dismay over the unnecessary and unwise step of “overruling” Kenyon which is taken here by the three Justices who have signed the plurality opinion. First, Kenyon can and should be clarified, but not overruled, for the reasons stated by Justice Nelson. Indeed, no party to this case suggested overruling Kenyon, a unanimous — and recent — opinion by this Court.
Moreover, the statement in the plurality opinion that “the district courts” are requiring plaintiffs in discrimination cases to do more than merely raise an issue of material fact is questionably sweeping, at best, given that this is the first such case we have seen. In addition, the fact that the District Court in this case applied the McDonnell-Douglas trial burden, rather than the summary judgment burden established by this Court in Kenyon, is hardly a reason to overrule Kenyon. Indeed, had the District Court applied Kenyon, but done so erroneously, the proper course for this Court would be to correct the District Court, not to overrule Kenyon. To suggest that a district court’s error in either missing a case altogether or applying it erroneously is a proper basis for overruling that case is certainly a new approach to stare decisis.
My major concern with the plurality opinion, however, is just that: it is merely a plurality opinion with regard to overruling Kenyon. A majority of this Court is opposed to overruling Kenyon, yet apparently this Court is being forced down an entirely new path by virtue of three of its members stating that they can overrule a case with less than a majority vote.
I recognize that, as a practical matter, it makes little difference in this case whether Kenyon is merely clarified or overruled since either would produce the same result. Here, however, it is the plurality’s attitude toward precedent and stare decisis — and where that attitude will lead us in the future — which is important. Can three votes really overrule a case? In a four to three decision, will the dissenters “overrule” cases relied on by the majority? Are such approaches sufficiently cognizant of the importance of stability, continuity and clarity in the law?
Applying Kenyon, I would conclude that Nafisseh met her burden in this case. Accordingly, I would reverse the District Court.